# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-338V
Filed: April 13, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SAMANTHA JENNEY, | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | Damages decision based on proffer; |
| v. | \* | tetanus-diphtheria-acellular |
| | \* | pertussis (Tdap) vaccine; shoulder |
| SECRETARY OF HEALTH | \* | injury related to vaccine |
| AND HUMAN SERVICES, | \* | administration (SIRVA) |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On April 23, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a shoulder injury as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccination she received on July 21, 2011. On July 18, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On April 10, 2015, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards:

a. a lump sum payment of **$155,963.04**, representing life care expenses for Year 1 ($15,299.00), past unreimbursable expenses ($664.04), and pain and suffering ($140,000.00). The award shall be in the form of a check for **$155,963.04** payable to petitioner;

b. a lump sum payment of **$1,076.77**, representing compensation for satisfaction of the Boston Medical Center HealthNet Plan lien. The award shall be in the form of a check for **$1,076.77** payable jointly to petitioner and

>Boston Medical Center HealthNet Plan
>Two Copley Place, Suite 600
>Boston, MA 02116
>ATTN: Kelvin Britto, OPL/TPL Specialist

Petitioner agrees to endorse this payment to the Boston Medical Center HealthNet Plan;

c. a lump sum payment of **$8,516.49**, representing compensation for satisfaction of the Neighborhood Health Plan lien. The award shall be in the form of a check for **$8,516.49** payable jointly to petitioner and

>Neighborhood Health Plan
>253 Summer Street
>Boston, MA 02210
>ATTN: Angela Layne

Petitioner agrees to endorse this payment to Neighborhood Health Plan; and

d. an amount sufficient to purchase the annuity contract described in paragraph II.D of the attached proffer. The award shall be in the form of a check payable to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: April 13, 2015                                        /s/ Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SAMANTHA JENNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14-338V |
| v. ) | Special Master Millman |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON DAMAGES**

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

**I.   Items of Compensation**

   A.   Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Samantha Jenney's future vaccine-injury related needs. All items identified in the agreed life care plan dated March 16, 2013, are supported by the evidence and are illustrated by the chart entitled Tab A: Summary of Life Care Items.[1] Respondent proffers Samantha Jenney ("petitioner") should be awarded all items of compensation that are set forth in the agreed life care plan and illustrated by the chart attached as Tab A. Petitioner agrees. Respondent further proffers that the

---

[1] The chart at Tab A illustrates the annual benefits as contained in the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment and every year thereafter up to the anniversary of the date of judgment.

1

appropriate growth rate for life care items of compensation should be four percent (4.0%) for non-medical items and six percent (6.0%) for medical items, compounded annually from the date of judgment, as set forth in Tab B: Annuity Funding Portfolio. Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Samantha Jenney will be able to engage in gainful employment. Therefore, respondent proffers that Samantha Jenney is not entitled to receive future lost earnings compensation provided for under the Vaccine Act, 42 U.S.C. §300aa-15(a)(3)(A). Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $140,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursed Expenses</u>

Evidence supplied by petitioner documents her expenditure of past un-reimbursable expenses related to her vaccine-related injury. Respondent proffers that the petitioner is entitled to past un-reimbursed expenses in the amount of $664.04. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Respondent proffers that Samantha Jenney should be awarded funds to satisfy the Boston Medical Center HealthNet Plan lien in the amount of $1,076.77, and the Neighborhood Health Plan lien in the amount of $8,516.49, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Boston Medical Center HealthNet

Plan and/or the Neighborhood Health Plan may have against any individual as a result of any Medicaid payments the Boston Medical Center HealthNet Plan and/or the Neighborhood Health Plan has made to or on behalf of Samantha Jenney from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about July 21, 2011, under Title XIX of the Social Security Act.

F. Attorney's Fees and Costs

This proffer does not address final attorneys' fees and costs. Petitioner is entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing substantiating documentation.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner for her future medical care needs should be made through a combination of a one-time cash payment and future annuity payments as described below, and request that the special master's decision and the Court's judgment reflect the following items of compensation.[2]

Respondent proffers and petitioner agrees that an award of compensation include the following elements:

A. A lump sum payment of $155,963.04, representing life care expenses for Year 1 ($15,299.00), past un-reimbursed expenses ($664.04), and pain and suffering ($140,000.00), in the form of a check payable to petitioner.

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

B.	A lump sum payment of $1,076.77, representing compensation for satisfaction of the Boston Medical Center HealthNet Plan lien, payable jointly to petitioner and

> Boston Medical Center HealthNet Plan
> Two Copley Place, Suite 600
> Boston, MA  02116
> ATTN:  Kelvin Britto, OPL/TPL Specialist

Petitioner agrees to endorse this payment to the Boston Medical Center HealthNet Plan.

C.	A lump sum payment of $8,516.49, representing compensation for satisfaction of the Neighborhood Health Plan lien, payable jointly to petitioner and

> Neighborhood Health Plan
> 253 Summer Street
> Boston, MA  02210
> ATTN:  Angela Layne

Petitioner agrees to endorse this payment to the Neighborhood Health Plan.

D.	An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[4] from

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

4

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent payments shall be provided through respondent's purchase of an annuity, which annuity will make payments directly to the petitioner only so long as she is alive at the time a particular payment is due. The "annual amounts" set forth in Tab B describe the total year sum to be paid and do not require that the payment be made in one single payment.

The parties agree that petitioner is a competent adult and that no guardians/conservators of his estate will be required.

      1.      <u>Growth Rates</u>

Respondent proffers that a four percent (4.0%) growth rate should be applied to all non-medical items, and a six percent (6.0%) growth rate should be applied to all medical items. Petitioner agrees.

      2.      <u>Life-contingent Annuity</u>

Petitioner will continue to receive the annuity payments for future medical care from the Life Insurance Company only so long as she is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be made within twenty (20) days of petitioner's death.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner:    **$155,963.04**

    B.    Lump Sum paid jointly to petitioner and Boston Medical Center HealthNet Plan:    **$1,076.77**

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No.09-15-0056.

    C.    Lump Sum paid jointly to petitioner and Neighborhood Health Plan:

**$8,516.49**

    D.    An amount sufficient to purchase the annuity contract described above in section II. D.

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138

Dated: April 10, 2015

**Pet. Samantha Jenney**
**D.O.B. 05/24/1969**

DATE: 03/20/15
TIME: 11:20 PM

**SUMMARY OF LIFE CARE ITEMS - AGREED LIFE CARE PLAN dated March 16, 2015**

| ITEM OF CARE | Insurance | Medical Care | Ancillary Services | Equipment | Medications | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0 and 6.0% ITEMS & APPLYING THE GROWTH RATES |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 6.0% | 6.0% | 6.0% | 6.0% | 6.0% | 4.0% | 4.0% | | | |
| AGE   YEAR | | | | | | | | | | |
| 46   2015 | 7,113.08 | 523.40 | 785.00 | 768.08 | 540.00 | 4,007.49 | 480.87 | 9,730 | 4,488 | 14,981 |
| 47   2016 | 7,113.08 | 348.40 | 460.00 | 202.39 | 540.00 | 3,878.50 | 68.31 | 8,664 | 3,947 | 14,004 |
| 48   2017 | 7,113.08 | 348.40 | 460.00 | 202.39 | 540.00 | 3,878.50 | 68.31 | 8,664 | 3,947 | 14,758 |
| 49   2018 | 7,113.08 | 348.40 | 460.00 | 202.39 | 540.00 | 3,878.50 | 68.31 | 8,664 | 3,947 | 15,555 |
| 50   2019 | 10,463.08 | 0.00 | 390.00 | 199.25 | 0.00 | 3,878.50 | 76.33 | 11,052 | 3,955 | 19,602 |
| 51   2020 | 7,113.08 | 104.80 | 70.00 | 202.39 | 540.00 | 3,878.50 | 65.18 | 8,030 | 3,944 | 16,381 |
| 52   2021 | 7,113.08 | 104.80 | 70.00 | 202.39 | 540.00 | 3,878.50 | 65.18 | 8,030 | 3,944 | 17,264 |
| 53   2022 | 7,113.08 | 104.80 | 70.00 | 202.39 | 540.00 | 3,878.50 | 65.18 | 8,030 | 3,944 | 18,196 |
| 54   2023 | 7,113.08 | 104.80 | 70.00 | 202.39 | 540.00 | 3,878.50 | 65.18 | 8,030 | 3,944 | 19,180 |
| 55   2024 | 7,113.08 | 414.80 | 255.00 | 202.39 | 540.00 | 3,878.50 | 97.71 | 8,525 | 3,976 | 21,153 |
| 56   2025 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 9,880 |
| 57   2026 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 10,352 |
| 58   2027 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 10,847 |
| 59   2028 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 11,366 |
| 60   2029 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 11,911 |
| 61   2030 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 12,484 |
| 62   2031 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 13,085 |
| 63   2032 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 13,717 |
| 64   2033 | 0.00 | 428.30 | 434.80 | 214.98 | 928.56 | 3,878.50 | 65.18 | 2,007 | 3,944 | 14,380 |

**Pet. Samantha Jenney**
**D.O.B.  05/24/1969**

DATE: 03/20/15
TIME: 11:20 PM

**SUMMARY OF LIFE CARE ITEMS - AGREED LIFE CARE PLAN dated March 16, 2015**

| ITEM OF CARE | | Insurance | Medical Care | Ancillary Services | Equipment | Medications | Home Services | Transportation | TOTALS of Items with a 6.0% Growth Rate | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0 and 6.0% ITEMS & APPLYING THE GROWTH RATES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 6.0% | 6.0% | 6.0% | 6.0% | 6.0% | 4.0% | 4.0% | | | |
| AGE | YEAR | | | | | | | | | | |
| 65 | 2034 | 920.16 | 85.66 | 290.00 | 307.01 | 0.00 | 3,761.50 | 49.09 | 1,603 | 3,811 | 13,490 |
| 66 | 2035 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,761.50 | 49.09 | 1,459 | 3,811 | 13,643 |
| 67 | 2036 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,761.50 | 49.09 | 1,459 | 3,811 | 14,288 |
| 68 | 2037 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,761.50 | 49.09 | 1,459 | 3,811 | 14,965 |
| 69 | 2038 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,761.50 | 49.09 | 1,459 | 3,811 | 15,675 |
| 70 | 2039 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,761.50 | 49.09 | 1,459 | 3,811 | 16,420 |
| 71 | 2040 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 16,613 |
| 72 | 2041 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 17,410 |
| 73 | 2042 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 18,247 |
| 74 | 2043 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 19,126 |
| 75 | 2044 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 20,049 |
| 76 | 2045 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 21,019 |
| 77 | 2046 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 22,037 |
| 78 | 2047 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 23,107 |
| 79 | 2048 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 24,231 |
| 80 | 2049 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 25,412 |
| 81 | 2050 | 920.16 | 85.66 | 290.00 | 163.13 | 0.00 | 3,549.00 | 49.09 | 1,459 | 3,598 | 26,653 |
| | | 90,124 | 7,714 | 11,933 | 7,438 | 13,217 | 135,428 | 2,542 | 130,426 | 137,970 | 601,484 |
| | | 33.58% | 2.87% | 4.45% | 2.77% | 4.92% | 50.46% | 0.95% | | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*   **Jenney AGREED LCP 03 20 15 REV3**

# ANNUITY FUNDING PORTFOLIO

### AGREED LIFE CARE PLAN dated March 16, 2015

### 4.0 and 6.0% GROWTH RATES

DATE: 03/20/15
TIME: 11:20 PM

Pet. Samantha Jenney
D.O.B. 05/24/1969

| | | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 | Column 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Settlement Item** | | **TOTAL** | **ANNUAL** | **CASH &** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUITY** | **ANNUAL** | **UMULATIVE** |
| **Starting Amount** | | **MEDICAL** | **STRUCTURED** | **ANNUITY** | 1,640 | 7,999 | 1,040 | 3,891 | 374 | 328 | **SAFETY** | **SAFETY** |
| **Inflation Factor** | | **CARE NEEDS** | **SETTLEMENT** | **LUMP** | 6.00% | 6.00% | 6.00% | 4.00% | 4.00% | 4.00% | **MARGIN** | **MARGIN** |
| **Beginning Year** | | 2015 | **BENEFITS** | **SUMS** | 2016 | 2016 | 2025 | 2016 | 2016 | 2034 | 2015 | 2015 |
| **Ending Year** | | 2050 | | | LIFE | 2023 | 2033 | LIFE | 2033 | 2039 | 2050 | 2050 |
| | | TOTAL | S/S | Cash & | Deferred | Deferred | Deferred | Deferred | Deferred | Deferred | Safety | Cum.Safety |
| AGE | YEAR | NEEDS | TOTAL | Lump Sums | Annuity | Annuity | Annuity | Annuity | Annuity | Annuity | Margin | Margin |
| 46 | 2015 | 14,981 | 15,299 | 15,299 | | | | | | | 318 | 318 |
| 47 | 2016 | 14,004 | 13,904 | | 1,640 | 7,999 | | 3,891 | 374 | | -100 | 218 |
| 48 | 2017 | 14,758 | 14,653 | | 1,738 | 8,479 | | 4,047 | 389 | | -105 | 113 |
| 49 | 2018 | 15,555 | 15,443 | | 1,843 | 8,988 | | 4,209 | 405 | | -112 | 1 |
| 50 | 2019 | 19,602 | 19,601 | 3,323 | 1,953 | 9,527 | | 4,377 | 421 | | -1 | 0 |
| 51 | 2020 | 16,381 | 17,158 | | 2,070 | 10,099 | | 4,552 | 438 | | 777 | 777 |
| 52 | 2021 | 17,264 | 18,088 | | 2,195 | 10,704 | | 4,734 | 455 | | 824 | 1,601 |
| 53 | 2022 | 18,196 | 19,070 | | 2,326 | 11,347 | | 4,923 | 473 | | 873 | 2,474 |
| 54 | 2023 | 19,180 | 20,106 | | 2,466 | 12,028 | | 5,120 | 492 | | 926 | 3,400 |
| 55 | 2024 | 21,153 | 17,757 | 9,306 | 2,614 | | | 5,325 | 512 | | -3,396 | 4 |
| 56 | 2025 | 9,880 | 9,881 | | 2,771 | | 1,040 | 5,538 | 532 | | 1 | 5 |
| 57 | 2026 | 10,352 | 10,353 | | 2,937 | | 1,102 | 5,760 | 554 | | 1 | 6 |
| 58 | 2027 | 10,847 | 10,848 | | 3,113 | | 1,169 | 5,990 | 576 | | 1 | 7 |
| 59 | 2028 | 11,366 | 11,367 | | 3,300 | | 1,239 | 6,230 | 599 | | 1 | 8 |
| 60 | 2029 | 11,911 | 11,913 | | 3,498 | | 1,313 | 6,479 | 623 | | 1 | 9 |
| 61 | 2030 | 12,484 | 12,485 | | 3,708 | | 1,392 | 6,738 | 648 | | 1 | 10 |
| 62 | 2031 | 13,085 | 13,087 | | 3,930 | | 1,475 | 7,007 | 674 | | 1 | 11 |
| 63 | 2032 | 13,717 | 13,718 | | 4,166 | | 1,564 | 7,288 | 700 | | 1 | 13 |
| 64 | 2033 | 14,380 | 14,382 | | 4,416 | | 1,658 | 7,579 | 729 | | 2 | 14 |

# ANNUITY FUNDING PORTFOLIO

### AGREED LIFE CARE PLAN dated March 16, 2015

### 4.0 and 6.0% GROWTH RATES

DATE: 03/20/15
TIME: 11:20 PM

Pet. Samantha Jenney
D.O.B.  05/24/1969

| | | Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 | Column 11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Settlement Item** | | TOTAL | ANNUAL | CASH & | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUITY | ANNUAL | UMULATIVE |
| **Starting Amount** | | MEDICAL | STRUCTURED | ANNUITY | 1,640 | 7,999 | 1,040 | 3,891 | 374 | 328 | SAFETY | SAFETY |
| **Inflation Factor** | | CARE NEEDS | SETTLEMENT | LUMP | 6.00% | 6.00% | 6.00% | 4.00% | 4.00% | 4.00% | MARGIN | MARGIN |
| **Beginning Year** | | 2015 | BENEFITS | SUMS | 2016 | 2016 | 2025 | 2016 | 2016 | 2034 | 2015 | 2015 |
| **Ending Year** | | 2050 | | | LIFE | 2023 | 2033 | LIFE | 2033 | 2039 | 2050 | 2050 |
| AGE | YEAR | TOTAL NEEDS | S/S TOTAL | Cash & Lump Sums | Deferred Annuity | Deferred Annuity | Deferred Annuity | Deferred Annuity | Deferred Annuity | Deferred Annuity | Safety Margin | Cum.Safety Margin |
| 65 | 2034 | 13,490 | 14,251 | 1,359 | 4,681 | | | 7,882 | | 328 | 761 | 775 |
| 66 | 2035 | 13,643 | 13,501 | | 4,962 | | | 8,198 | | 341 | -142 | 633 |
| 67 | 2036 | 14,288 | 14,140 | | 5,260 | | | 8,526 | | 355 | -148 | 485 |
| 68 | 2037 | 14,965 | 14,811 | | 5,575 | | | 8,867 | | 369 | -154 | 331 |
| 69 | 2038 | 15,675 | 15,515 | | 5,910 | | | 9,221 | | 384 | -160 | 171 |
| 70 | 2039 | 16,420 | 16,254 | | 6,264 | | | 9,590 | | 399 | -166 | 4 |
| 71 | 2040 | 16,613 | 16,614 | | 6,640 | | | 9,974 | | | 1 | 5 |
| 72 | 2041 | 17,410 | 17,411 | | 7,039 | | | 10,373 | | | 1 | 7 |
| 73 | 2042 | 18,247 | 18,249 | | 7,461 | | | 10,788 | | | 1 | 8 |
| 74 | 2043 | 19,126 | 19,128 | | 7,909 | | | 11,219 | | | 2 | 10 |
| 75 | 2044 | 20,049 | 20,051 | | 8,383 | | | 11,668 | | | 2 | 11 |
| 76 | 2045 | 21,019 | 21,021 | | 8,886 | | | 12,135 | | | 2 | 13 |
| 77 | 2046 | 22,037 | 22,039 | | 9,419 | | | 12,620 | | | 2 | 15 |
| 78 | 2047 | 23,107 | 23,109 | | 9,984 | | | 13,125 | | | 2 | 17 |
| 79 | 2048 | 24,231 | 24,233 | | 10,584 | | | 13,650 | | | 2 | 19 |
| 80 | 2049 | 25,412 | 25,414 | | 11,219 | | | 14,196 | | | 2 | 22 |
| 81 | 2050 | 26,653 | 26,655 | | 11,892 | | | 14,764 | | | 3 | 25 |
| ITEMIZED TOTALS | | 601,484 | 601,509 | 29,287 | 182,753 | 79,170 | 11,951 | 286,581 | 9,591 | 2,176 | 25 | 25 |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*

**Jenney AGREED LCP 03 20 15 REV3**